EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Ángel Muñoz Noya<br><br>Recurrido | Certiorari<br><br>2020 TSPR 76<br><br>204 DPR \_\_\_\_ |

Número del Caso:  AC-2018-0058

Fecha:  31 de julio de 2020

Tribunal de Apelaciones:

     Región Judicial de San Juan, Panel V

Panel Sobre el Fiscal Independiente

     Lcdo. Ramón Mendoza Rosario
     Fiscal Especial Independiente

     Lcda. Leticia Pabón Ortiz
     Fiscal Especial Delegada

Abogados de la parte recurrida:

     Lcdo. Riardo M. Prieto García
     Lcdo. Benjamín A. Castro Rivera


Materia:  Los Fiscales Especiales Independientes tienen autoridad para presentar cargos criminales contra individuos particulares que, conforme con los hallazgos de una investigación, aparentemente delinquieron en concierto y común acuerdo con un funcionario público.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                         AC-2018-58         *Certiorari*

Ángel Muñoz Noya

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 31 de julio de 2020.

En el recurso ante nuestra consideración, nos corresponde resolver si los Fiscales Especiales Independientes (Fiscales Especiales) cuentan con autoridad para presentar cargos criminales contra individuos particulares que, acorde con los hallazgos de una investigación debidamente encomendada por el Panel sobre el Fiscal Especial independiente (Panel o PFEI), presuntamente participaron como autores o coautores en la alegada conducta delictiva que involucraba a un funcionario público, inicialmente investigado bajo la jurisdicción del PFEI. Contestamos en la afirmativa, pues así lo confirma un análisis integral de la *Ley para crear la Oficina del*

*Panel sobre el Fiscal Especial Independiente*, *infra*, y sus respectivas enmiendas.

## I. Tracto procesal y fáctico

El caso ante nuestra consideración tuvo su génesis en diciembre de 2016 cuando el otrora Secretario de Justicia, Lcdo. César R. Miranda (Secretario de Justicia), remitió al PFEI una misiva junto con una investigación preliminar preparada al amparo de la *Ley para crear la Oficina del Panel sobre el Fiscal Especial Independiente*, Ley Núm. 2 de 23 de febrero de 1988 (Ley del PFEI), según enmendada, 3 LPRA sec. 99*h et seq.* Enunció en su carta que las Divisiones de Integridad Pública, Delitos Económicos y Asuntos del Contralor del Departamento de Justicia, tras realizar la referida investigación preliminar, entendieron que existía causa suficiente para concluir que el Expresidente de la Cámara de Representantes, Sr. Jaime Perelló Borrás (Expresidente), había cometido delito grave. En vista de lo anterior, recomendó la designación de un Fiscal Especial conforme al Artículo 4 de la Ley del PFEI, *infra*. De igual modo, a la luz del Artículo 5, inciso (3), de la Ley del PFEI, *infra*, refirió a otros individuos para evaluar si incurrieron en conducta delictiva asociada a la del Expresidente. Cabe resaltar que el Lcdo. Ángel Muñoz Noya (licenciado Muñoz Noya o imputado), quien es la parte

recurrida en el presente recurso, no se encontraba entre los individuos referidos por el Secretario de Justicia.[1]

El PFEI acogió la recomendación del Secretario de Justicia y el 20 de enero de 2017 emitió una *Resolución* que, entre otros asuntos, ordenó la designación de varios Fiscales Especiales para que investigaran a fondo las posibles actuaciones delictivas del Expresidente y los otros individuos. En concreto, el Panel determinó que existía causa suficiente para creer que los individuos particulares pudieron haber cometido en concierto y común acuerdo con el Expresidente los delitos de enriquecimiento ilícito; aprovechamiento ilícito de trabajo o servicios públicos; intervención indebida en las operaciones gubernamentales; malversación de fondos públicos; e infracción a la *Ley para la fiscalización del financiamiento de campañas políticas en Puerto Rico*, Ley Núm. 222-2011, según enmendada, 16 LPRA sec. 621 *et seq.*[2] En lo pertinente, la *Resolución* del PFEI disponía lo siguiente:

> Atendida la recomendación del Secretario de Justicia y, luego de analizar los hechos presentados en el informe de investigación preliminar, **el Panel considera que debe realizarse una investigación a fondo sobre los hechos que se le atribuyen al señor Perelló Borrás y <u>los alegados coautores, según dispone el Art. 5, inciso (3) de la Ley 2, *supra*</u>.**
> El Panel determina[,] además, consolidar este caso con el que se encuentra bajo

---

[1] Carta del Secretario de Justicia del 29 de diciembre de 2016, Apéndice, págs. 400-401.

[2] *Resolución* del Panel sobre el Fiscal Especial Independiente (PFEI), Apéndice, págs. 397-398.

investigación de la exsenadora [María Teresa González López]. En vista de ello, se determina adicionar dos fiscales especiales independientes a los previamente designados en el caso de la exsenadora (fiscales Ramón Mendoza y Manuel Núñez). En consecuencia, **se designa a los Fiscales Emilio Arill y Leticia Pabón para que, en conjunto, realicen la correspondiente investigación a fondo sobre ambos casos.**

.    .    .    .    .    .    .    .

**En este mandato queda <u>expresamente incluida</u> la encomienda —<u>de así justificarlo la investigación que se realice por los Fiscales mencionados</u>—, de presentar ante los tribunales de justicia <u>las correspondientes acciones penales que procedan en derecho</u>.** (Negritas en el original suprimidas y énfasis nuestro).[3]

Transcurridos múltiples trámites procesales, luego de culminar la investigación de los casos consolidados, los Fiscales Especiales citaron para entrevista al licenciado Muñoz Noya. Como parte de la citación, se le apercibió que podía asistir acompañado de abogado y que su incomparecencia podría conllevar la petición de imposición de desacato ante un tribunal competente.[4]

Varios días después, la representación legal del imputado remitió varias misivas a los Fiscales Especiales en las que informaron que deseaban conocer la naturaleza del proceso llevado en relación con su cliente. Añadieron que, de tener el objetivo de recopilar información en su contra,

---

[3]   <u>Íd.</u>, págs. 397-405.

[4]   *Citación oficial para investigación,* Apéndice, pág. 496.

éste se amparaba en sus derechos constitucionales y no comparecería a la citación.[5]

Posteriormente, los Fiscales Especiales enviaron otra comunicación a la representación legal del imputado indicando, en síntesis, lo siguiente: "Como es de su conocimiento, el [PFEI] nos encomendó desarrollar una investigación sobre actos cometidos por usted. Al día de hoy dicha investigación ha sido finalizada y, en vista de ello, se ha tomado la decisión de radicar denuncias en su contra ante un Tribunal de Justicia".[6] Además, se le citó a comparecer al acto de presentación de cargos asistido de abogado, por ser su derecho, y fue apercibido de que su incomparecencia provocaría la radicación de cargos en ausencia.[7]

Posteriormente, los Fiscales Especiales presentaron la *Denuncia* en contra del licenciado Muñoz Noya. Se le imputó haber cometido un delito grave por violar el Artículo 14.003 (actualmente renumerado como el Artículo 13.003) de la *Ley para la fiscalización del financiamiento de campañas políticas en Puerto Rico*, Ley Núm. 222-2011, según enmendada, 16 LPRA sec. 633c. En detalle, la *Denuncia* lee como sigue:

> **Artículo 14.003. - Prohibiciones a Personas en Proceso de Concesiones de Permisos o Franquicias; o con Poder Adjudicativo en el**

---

[5]   Carta de 1 de junio de 2017, Apéndice, págs. 497-498.

[6]   Carta de 22 de junio de 2017, Apéndice, pág. 500.

[7]   Íd.

**Proceso de Concesión de Permisos o Franquicias, vigente para el año 2013**

Cometido en **San Juan, Puerto Rico**, entre las fechas de junio de 2013 hasta julio de 2013 de la siguiente manera:

El referido imputado, **ÁNGEL MUÑOZ NOYA**, entre las fechas de junio de 2013 hasta julio de 2013, estando en un proceso de otorgamiento de uno o más contratos de prestación de servicios, con la Cámara de Representantes de Puerto Rico, en San Juan, Puerto Rico, ilegal, voluntaria, maliciosa e intencionalmente, efectuó, directamente mientras duró dicho proceso de adjudicación u otorgamiento, donativos, monetario o de [sic] con el propósito de obtener, aligerar o beneficiarse de dicho permiso, franquicia, adjudicación, otorgamiento, prestación; en apoyo de un comité de campaña, comité de acción política, funcionario público, cuyos actos contienen los elementos constitutivos de soborno según el Artículo 262 de la Ley Núm. 149 de 18 de junio de 2004, según enmendada, conocida como "Código Penal del Gobierno de Puerto Rico["], consistente en que obtuvo un contrato el 12 de julio de 2013 con la Cámara de Representantes de Puerto Rico, mientras era miembro del Comité de Finanzas de Jaime Perelló Borrás, quien era Presidente de la Cámara de Representantes de Puerto Rico, donde participaba de la organización de actividades de dicho Comité para recaudar fondos a favor de Jaime Perelló Borrás y aportó al mismo la suma de $10,000.00 por una actividad llevada a cabo el día 6 de julio de 2013, no obstante hizo efectiva dicha aportación el 12 de julio de 2013, en la misma fecha en que obtuvo el contrato con la Cámara de Representantes de PR.

Estos hechos son contrarios a la Ley, a la paz, a la honestidad y a la dignidad del Pueblo de Puerto Rico. (Énfasis en el original).[8]

Durante la vista de causa probable para arresto, la representación legal del imputado argumentó que los Fiscales

---

[8]    *Denuncia*, Apéndice, pág. 501.

Especiales carecían de jurisdicción para procesarlo criminalmente. El foro primario les concedió a las partes un término de quince (15) días para presentar memorandos de derecho sobre el particular.

En cumplimiento con la referida orden, el imputado presentó un *Memorando de derecho en apoyo a solicitud de desestimación por falta de jurisdicción [y] argumentación suplementaria*. Sostuvo que el Fiscal Especial carecía de jurisdicción para presentar la denuncia en su contra porque, en resumen, no solicitó por escrito al Panel la ampliación de la investigación para incluirlo, privándolo de este modo de la notificación de la investigación que exige el debido proceso de ley y de la oportunidad para oponerse ante el PFEI. Arguyó, además, que no existía determinación de conflicto de interés del Secretario de Justicia que justificara que fuera el PFEI el organismo con jurisdicción para investigarle.[9] Los Fiscales Especiales presentaron oportunamente su oposición.[10]

Luego de varios incidentes procesales, el Tribunal de Primera Instancia continuó la vista. Subsiguientemente, emitió una *Resolución* por virtud de la cual encontró causa probable para arresto en contra del imputado. De igual forma, denegó la solicitud de desestimación. Detalló que

---

[9]  *Memorando de derecho en apoyo a solicitud de desestimación por falta de jurisdicción [y] argumentación suplementaria*, Apéndice, págs. 503-522.

[10]  *Moción en cumplimiento de orden [y] oposición a desestimación*, pág. 523.

"no procede la desestimación de los cargos según presentados toda vez que [los Fiscales Especiales] insta[n] su acción como resultado de una investigación y su jurisdicción se deriva específicamente de la designación realizada en la resolución del 20 de enero   de 2017".[11]

El imputado, insatisfecho, instó ante el Tribunal de Apelaciones un recurso de *certiorari* y argumentó, como único señalamiento de error, que el foro primario se equivocó al determinar que los Fiscales Especiales tenían jurisdicción para radicar cargos criminales en su contra, a tenor con la *Resolución* del PFEI de 20 de enero   de 2017.[12] Acompañó la presentación de su recurso con una moción en auxilio de jurisdicción.[13]  Luego de la concesión de un término, los Fiscales Especiales se opusieron a la expedición del recurso.[14]

Subsiguientemente, el Tribunal de Apelaciones, por votación mayoritaria del Juez Sánchez Ramos y la Jueza Romero García, emitió una *Sentencia* revocando el dictamen recurrido y ordenando la desestimación de la *Denuncia*. Como

---

[11]  *Resolución*, Apéndice, págs. 60-61.  Cabe resaltar que mediante la misma *Resolución* el foro primario determinó que tampoco procedía la desestimación de los cargos presentados por el Fiscal Especial en contra de otro de los imputados, el Sr. José Manuel Carrión Ferrer.  En otro procedimiento, este último acudió mediante recurso de *certiorari* ante otro panel del Tribunal de Apelaciones que declinó intervenir en el caso. Véase <u>Pueblo v. José Manuel Carrión Ferrer</u>, KLCE201701482, de 30 de agosto de 2017.  El peticionario en ese caso no recurrió ante este Tribunal.

[12]  *Certiorari*, Apéndice, pág. 471.

[13]  *Moción urgente solicitando [sic] auxilio de jurisdicción*, Apéndice, pág. 569.

[14]  *Alegato en oposición a recurso de certiorari*, Apéndice, pág. 571.

fundamentos relevantes, decretó que las únicas dos (2) vías estatutarias para los Fiscales Especiales asumir jurisdicción sobre el imputado eran: (1) si el Secretario de Justicia hacía determinaciones de conflicto de interés que justificara el referido, o (2) que el Panel procesara simultáneamente al funcionario público y a individuos particulares no enumerados en la ley. Aseveró que, "al no estar presente aquí alguna de ellas, […] [los Fiscales Especiales] actu[aron] sin autoridad al presentar la Denuncia".[15]

Por su parte, la Jueza Soroeta Kodesh emitió un voto disidente. En resumen, indicó que la Ley del PFEI le otorga a los Fiscales Especiales la potestad de instar las acciones criminales que estime procedentes luego de culminar las investigaciones de los asuntos que le fueron encomendados, tanto de funcionarios públicos como individuos no enumerados en el estatuto.[16] Enfatizó que el Artículo 13 de la Ley del PFEI, *infra*, le concede a los Fiscales Especiales jurisdicción exclusiva para investigar y procesar aquellas acciones penales contenidas dentro de la encomienda asignada.[17] En consecuencia, declaró que el curso decisorio del voto mayoritario, que sugiere que el Departamento de Justicia es el ente con jurisdicción para atender cualquier

---

[15]  Íd., pág. 16.

[16]  *Sentencia* del Tribunal de Apelaciones (Soroeta Kodesh, J., voto disidente), Apéndice, págs. 43-44.

[17]  Íd., pág. 44.

proceso criminal en contra del imputado, "desembocaría en un fraccionamiento indebido y un retraso innecesario en el contexto de una investigación criminal".[18]

En desacuerdo con el dictamen, los Fiscales Especiales solicitaron al foro apelativo intermedio que reconsiderara su dictamen, pero su petición fue denegada.[19] La Jueza Soroeta Kodesh expresó que reconsideraría.[20]

Aún insatisfechos, los Fiscales Especiales presentaron un recurso de apelación ante este Tribunal y señalaron como único error que el foro apelativo intermedio incidió al desestimar la *Denuncia* presentada en contra del imputado, tras concluir que carecían de jurisdicción para procesarlo.

Acogimos y expedimos el escrito presentado por los Fiscales Especiales como una petición de *certiorari* y, oportunamente, las partes sometieron sus respectivos alegatos. Encontrándonos en posición para ello, procedemos a resolver la controversia ante nosotros.

## II
### A. Ley del PFEI

Recientemente, en Pueblo v. Colón Bonet, 200 DPR 27 (2019), explicamos que, como norma general, la responsabilidad de investigar y procesar las causas criminales recae sobre el Secretario del Departamento de

---

[18]  Íd., pág. 45.

[19]  *Reconsideración*, Apéndice, pág. 63.

[20]  *Resolución*, Apéndice, pág. 394.

Justicia (Secretario de Justicia) y los fiscales adscritos a esa dependencia gubernamental del Poder Ejecutivo. Íd., págs. 35-36. Ahora bien, aclaramos que, cuando se pretende investigar y posteriormente encausar a funcionarios públicos que incurran en actividades delictivas, el mecanismo correspondiente es el instaurado por la Ley del PFEI. Íd., pág. 36. Desde su aprobación, el legislador reconoció que el proceso de encausamiento iniciado por el Departamento de Justicia en contra de algunos funcionarios, especialmente aquellos de alto nivel, no era el más adecuado por las potenciales situaciones de conflicto de interés y falta de imparcialidad, objetividad e independencia en las investigaciones. Exposición de Motivos, Ley del PFEI (1988 Leyes de Puerto Rico 5-6); Art. 1, Ley del PFEI, 3 LPRA sec. 99h; Pueblo v. Colón Bonet, *supra*, pág. 36. Por esas razones, la instauración del PFEI se cimentó en la necesidad de "provee[r] un foro neutral e independiente para dilucidar palpablemente ante el [P]ueblo supuestos o reales actos indebidos atribuibles a funcionarios gubernamentales", para así "prevenir, erradicar y penalizar cualquier comportamiento delictuoso o indebido". Véase Exposición de Motivos, Ley del PFEI, *supra*, pág. 6; Pueblo v. Rexach Benítez, 130 DPR 273, 294 (1992). Ello, con el fin de incentivar a los servidores públicos a que descarguen sus quehaceres con honestidad y excelencia; restaurar la confianza del Pueblo en su gobierno y en sus servidores públicos; y, a su vez, crearle un medio efectivo a los funcionarios honestos para

que puedan preservar su integridad y reputación. Véanse Pueblo v. Colón Bonet, *supra*, pág. 47; Exposición de Motivos, Ley del PFEI, *supra*, págs.5-6.

En el año 2012, la Ley del PFEI fue enmendada en varias ocasiones por la Asamblea Legislativa para, entre otras consideraciones, realizar una revisión integral del estatuto que asegurara la coherencia en su aplicación e interpretación. Asimismo, se atemperaron sus disposiciones a los pronunciamientos emitidos hasta entonces por este Tribunal y a las **nuevas responsabilidades delegadas al PFEI**. Por ello, se amplió el alcance del estatuto para: (1) garantizar el ejercicio pleno de la jurisdicción concedida al Panel y a los Fiscales Especiales; **(2) aumentar el marco de acción de los referidos recibidos por el PFEI y sus investigaciones; (3) conceder al Panel la prerrogativa para, a su discreción, incluir o no en sus investigaciones y procesamientos a individuos particulares que hayan sido autores o coautores en cualesquiera de los delitos imputados a funcionarios públicos bajo su jurisdicción;** y (4) adicionar otras enmiendas de índole administrativo con el objetivo de aclarar y ampliar el alcance de la autonomía administrativa del organismo. Véanse, Exposición de Motivos, Ley Núm. 2-2012 (2012 (Parte 1) Leyes de Puerto Rico 69-73); Exposición de Motivos, Ley Núm. 3-2012 (2012 (Parte 1) Leyes de Puerto Rico 80-83); Exposición de Motivos, Ley Núm. 4-2012 (2012 (Parte 1) Leyes de Puerto Rico 85-91).

En lo pertinente, la Exposición de Motivos de la Ley Núm. 3-2012 expone las razones por las cuales se confirió al Panel la prerrogativa de determinar si incluía la investigación y procesamiento de los autores y coautores, como parte de la encomienda que haga al Fiscal Especial, de cualesquiera de los delitos imputados a los funcionarios públicos bajo su jurisdicción. Específicamente, el legislador consignó lo siguiente:

.    .    .    .    .    .    .    .

A fin de viabilizar la política pública antes señalada, la Ley Núm. 2, citada, le impone al Secretario de Justicia la facultad de realizar una investigación preliminar, previa la remisión del expediente [al PFEI], en un límite de tiempo y con premura, ya que el interés público que se persigue es que el Estado responda prontamente a los señalamientos contra los servidores públicos que ostentan cargos de alto nivel y sensitivos. Lo anterior, en respeto a los derechos procesales y sustantivos que les corresponden a los funcionarios públicos señalados.

De lo señalado se desprende que la jurisdicción [del PFEI] está limitada por la categoría de los funcionarios y por la gravedad de los delitos. Por ello, la Ley **no le concede jurisdicción** sobre los funcionarios, ex funcionarios, empleados o exempleados, o **individuos que hayan participado, conspirado, provocado, o de algún otro modo sean <u>autores o coautores</u> en la conducta delictiva imputada a los funcionarios bajo la jurisdicción de la Ley Núm. 2, citada.**

**La realidad jurídica antes señalada ha traído ciertos <u>inconvenientes</u> al momento de procesar a un funcionario de alto nivel, cuando de la prueba obtenida en la investigación surge que hay un autor o coautor del delito sobre el cual el Fiscal Especial Independiente no tiene jurisdicción. En estas situaciones se da el procesamiento y la intervención del Fiscal Especial**

Independiente y el Departamento de Justicia. <u>Según la experiencia documentada, esta situación ha presentado los siguientes retos: ha creado situaciones poco comprensibles para los jurados; no en todos los casos se ha contado con una adecuada coordinación y cooperación entre el Fiscal Especial Independiente y los Fiscales del Departamento de Justicia; y dado que no hay autoridad del Fiscal Especial Independiente sobre los Fiscales del Departamento de Justicia, en algunos casos las estrategias de litigación y determinaciones en áreas tales como la recopilación de prueba, su presentación, el tiempo para radicar las denuncias y el otorgamiento de inmunidad, no han estado en armonía para obtener un resultado adecuado para el Estado</u>.

Las circunstancias que anteceden <u>no abonan a la política pública</u> de que el procesamiento de los casos bajo la Ley Núm. 2, se procesen de manera <u>ágil, eficiente y eficaz</u>.

Ante las circunstancias expuestas, enmendamos la Ley Núm. 2, citada, a los fines de disponer que el Secretario de Justicia podrá recibir información y llevar a cabo una investigación preliminar sobre servidores públicos, ex servidores públicos o <u>individuos que puedan ser autores o coautores</u> en la conducta delictiva imputada a los funcionarios bajo la jurisdicción de la Ley Núm. 2, citada, y rendir un informe sobre el particular [al PFEI]. Se dispone, además, que el <u>Panel tendrá la prerrogativa de determinar si incluye la investigación y procesamiento del autor o los autores, o del coautor o coautores, como parte de la encomienda que haga al Fiscal Especial Independiente</u> de conformidad con el Artículo 11 (2) de esta Ley. Cuando el Panel determine <u>no</u> incluir al autor o coautor, o los autores o coautores, dentro de la encomienda al Fiscal Especial Independiente, el Secretario de Justicia asumirá jurisdicción sobre éste o éstos.

Con la enmienda antes dispuesta, se mantendrá la <u>distinción</u> entre la figura del <u>autor o coautor</u>, y la del <u>funcionario público</u> sujeto a la Ley Núm. 2, *supra*, sin que se confundan los grados de preeminencia que cada uno tiene ante dicha Ley. Esta enmienda permitirá además que [el PFEI], <u>discrecionalmente y según las</u>

**particularidades de cada investigación remitida, determine si ampl[í]a el alcance de la encomienda al Fiscal Especial Independiente para que incluya a los autores o coautores […]; manteniendo el Departamento de Justicia su jurisdicción en aquellos casos que expresamente [el PFEI] determine <u>no</u> asumirla.** Esto evitará que [el PFEI] tenga que incluir obligatoriamente a un coautor en una investigación del Fiscal Especial Independiente sobre un funcionario al recibir un referido, cuando sea perjudicial al curso de la investigación sobre el funcionario público.

**Por las consideraciones expresadas, esta Asamblea Legislativa entiende que este <u>balance jurisdiccional contribuirá a evitar la duplicidad y la desintegración de esfuerzos</u> en el curso de las competencias dispuestas para Instituciones que tienen un rol fundamental para asegurar la integridad en el ejercicio de la función pública.** (Énfasis nuestro). Exposición de Motivos, Ley Núm. 3-2012, *supra*, págs. 81-83.

Igualmente, la Exposición de Motivos de la Ley Núm. 4-2012, *supra*, declaró que el PFEI, "por conducto de los fiscales especiales designados, tiene el deber de acudir a los tribunales de justicia, en representación del [Gobierno] de Puerto Rico, para instar las acciones criminales que procedan **como resultado de las investigaciones que realice sobre los asuntos ante su consideración**". (Énfasis nuestro). <u>Íd.</u>, pág. 86.

Conforme a los propósitos antes esgrimidos, la Ley del PFEI, entre otras responsabilidades, le impuso al Secretario de Justicia el deber de notificarle al Panel sobre aquellas querellas, informes o información recibida bajo juramento, solicitando el comienzo de una investigación preliminar, en los casos en que estén implicados el Gobernador, **los**

**miembros de la Asamblea Legislativa**, los jueces, los jefes de agencias, los alcaldes, entre otros funcionarios de alta jerarquía en la administración pública. Art. 4, Ley del PFEI, 3 LPRA sec. 99$k$(1). El Secretario de Justicia debe determinar, a base de la información disponible y los hechos alegados, si existe causa suficiente para creer que hubo la comisión de un delito grave o menos grave, contra los derechos civiles, la función pública o el erario. Art. 4, Ley del PFEI, 3 LPRA sec. 99$k$(2).

Una vez culminada oportunamente la investigación preliminar, el Secretario de Justicia rendirá y someterá al PFEI un informe con su determinación sobre si halló, o no, causa suficiente para recomendar la designación de un Fiscal Especial. Sin embargo, aún en aquellos casos en que el Secretario recomiende que no se designe un Fiscal Especial, de todos modos "vendrá obligado a referir su informe y el expediente completo al Panel, el cual podrá, a su discreción, nombrar un Fiscal Especial y ordenar la investigación del caso". Íd.

Por su parte, la ley faculta al Panel a investigar y procesar, entre otras personas, a funcionarios públicos e individuos particulares no enumerados en la ley, pero que hayan tenido alguna participación en la conducta delictiva, ya sea como autores o coautores de la misma. En particular, el estatuto lee como sigue:

> (1) Cuando el Secretario de Justicia recibiere información bajo juramento que a su juicio constituyera causa suficiente para investigar

si cualesquiera de los funcionarios, ex funcionarios, empleados, ex empleados, autores, coautores o individuos no enumerados en la sec. 99k de este título ha cometido cualesquiera de los delitos a que se hace referencia en la sec. 99k de este título efectuará una investigación preliminar y solicitará el nombramiento de un Fiscal Especial cuando determine que, de ser la investigación realizada por el Secretario de Justicia, podría resultar en algún conflicto de interés.

(2) Cuando el Secretario determine que no existe conflicto de interés alguno que impida la investigación objetiva por parte del Departamento de Justicia, en tal caso el Secretario designará el funcionario que conducirá la investigación y el Departamento de Justicia asumirá jurisdicción sobre la misma.

**(3) Cuando el Secretario de Justicia recibiere información bajo juramento que a su juicio constituyera causa suficiente para investigar si algún funcionario, ex funcionario, empleado, ex empleado o <u>individuo no enumerado</u> en la sec. 99k de este título <u>participó, conspiró, indujo, aconsejó, provocó, instigó, o de algún otro modo fue autor o coautor</u> en cualquiera de los delitos a que se hace referencia en la sec. 99k de este título, efectuará una <u>investigación preliminar</u> y rendirá un informe conforme los criterios establecidos en la sec. 99k de este título, sobre si procede o no la designación de un Fiscal Especial Independiente. Una vez remitido el Informe, el <u>Panel tendrá la facultad de determinar si investiga y procesa al autor o los coautores, como parte de la encomienda que haga al Fiscal Especial Independiente</u> de conformidad con el inciso (2) de la sec. 99r de este título.** Si el Panel determinare que no procede el nombramiento de un Fiscal Especial dicha determinación será final y firme y no podrá presentarse querella

nuevamente por los mismos hechos.  Art. 5, Ley
del PFEI, 3 LPRA sec. 99*l*.[21]

Asimismo, el estatuto delinea el marco de discreción que

ostenta el Panel en el nombramiento de un Fiscal Especial.

A saber:

>     (1) El Panel podrá nombrar un Fiscal
> Especial en cualesquiera de los siguientes
> casos:
>
>     (a) Cuando el Secretario de Justicia
> solicite el nombramiento y, de impugnarse la
> recomendación del Secretario, el Panel
> concluya, **basado en el informe sometido por el
> Secretario y en cualquier otra información
> sometida a[,] u obtenida por el Panel, que se
> amerita una investigación a fondo porque puede
> proceder la radicación de acusaciones o
> cargos.**
>
>          .     .     .     .     .     .     .     .
>
>     **(2) Al nombrar un Fiscal Especial el Panel
> delimitará la encomienda y jurisdicción de
> éste. El Panel hará pública la identidad del
> Fiscal Especial, así como delimitará la
> encomienda y jurisdicción de éste**.
>
>     **(3) El Panel podrá ampliar la encomienda
> y jurisdicción de un Fiscal Especial en
> funciones a solicitud de dicho Fiscal
> Especial, o del Secretario de Justicia, o a
> iniciativa propia.** Dicha determinación podrá

---

[21] Véase, de manera ilustrativa, United States v. Tucker, 78 F.3d 1313 (8vo Cir. 1996), cert. denegado, 519 U.S. 820 (1996).  En este caso, el Tribunal de Apelaciones federal del Octavo Circuito entendió que el referido original del Secretario de Justicia federal para que el Fiscal Especial Independiente federal investigara alegadas actividades delictivas del Presidente de los Estados Unidos y su esposa, al amparo de la cláusula de referidos del *Independent Counsel Reauthorization Act* de 1994, 28 U.S.C. sec. 594, a su vez, incluía autoridad para investigar y procesar a toda persona o entidad que de los hallazgos surgiera que estaba sustancialmente relacionada con la encomienda original.  Es decir, la facultad incluía autoridad para investigar y procesar a otros funcionarios públicos e individuos particulares, cuyas actuaciones estuviesen relacionadas a la jurisdicción original, aunque no se procesaran junto a los funcionarios para los cuales se realizó el referido inicial del Secretario de Justicia federal.

hacerse para evitar el nombramiento de un nuevo Fiscal Especial. A cada Fiscal Especial podrá encomendársele más de un asunto o investigación.

**(4) En situaciones especiales en donde las investigaciones de diversos funcionarios estén relacionadas, el Panel podrá consolidar la investigación bajo un solo Fiscal Especial.**

**(5) El Panel ejercerá la debida supervisión sobre el Fiscal Especial a los fines de que la labor investigativa se realice con la <u>diligencia, premura y agilidad</u> requerida para que se cumpla a cabalidad el propósito de las secs. 99h a 99z de este título** y con cualquier requisito o término que le sea aplicable al Fiscal Especial.

.   .   .   .   .   .   .   .

(Énfasis suplido). Art. 11, Ley del PFEI, 3 LPRA sec. 99*r*.

Por consiguiente, una vez nombrado, el Fiscal Especial tendrá las siguientes facultades relacionadas con su encomienda y jurisdicción:

.   .   .   .   .   .   .   .

**(3) En el ejercicio de la autoridad que le confieren las secs. 99h a 99z de este título, todo Fiscal Especial tendrá, respecto a los asuntos dentro de su encomienda y jurisdicción, <u>todos los poderes y facultades</u> que tienen el Departamento de Justicia, el Director del Negociado de Investigaciones Especiales y cualquier otro funcionario al cual las secs. 99h a 99z de este título le confiera autoridad <u>para investigar y procesar violaciones a la ley penal</u>.**

**Sin que ello constituya una limitación, todo Fiscal Especial tendrá facultad y autoridad para** lo siguiente:

.   .   .   .   .   .   .   .

**(b) Realizar toda clase de investigaciones de individuos, entidades y documentos relacionados con su jurisdicción o encomienda,**

por lo que tendrá acceso a los archivos y récord de todas las agencias del Gobierno del Estado Libre Asociado, excepto a los que, conforme a los estatutos vigentes, sean confidenciales.

. . . . . . . .

(j) Representar al Gobierno […] de Puerto Rico en todos aquellos asuntos bajo su encomienda y jurisdicción en que éste sea parte o esté interesado y en los casos que se tramiten en apelación o en cualquier otra forma ante el Tribunal Supremo de Puerto Rico o ante los tribunales de los Estados Unidos.

. . . . . . . .

**(7) El nombramiento de un Fiscal Especial <u>tendrá el efecto de privar completamente de jurisdicción al Secretario [de Justicia] sobre la investigación</u>**.

. . . . . . . .

(Énfasis suplido). Art. 12, Ley del PFEI, 3 LPRA sec. 99*s*.

Del mismo modo, la legislación deja meridianamente claro el ámbito de jurisdicción que posee el Fiscal Especial con respecto a la encomienda delegada por el PFEI frente a posibles intervenciones del Secretario de Justicia. Puntualiza que:

**Todo Fiscal Especial tendrá <u>jurisdicción exclusiva</u> para investigar y procesar aquellas acciones penales contenidas dentro de la encomienda que se le asigne.** El Secretario de Justicia, sin embargo, podrá intervenir como *amicus curiae* en relación con cualquier aspecto legal planteado en cualquier procedimiento en que un Fiscal Especial participe en su capacidad como tal o en cualquier apelación de dicha acción. (Énfasis suplido). Art. 13, Ley del PFEI, 3 LPRA sec. 99*t*.

Por último, el Fiscal Especial debidamente nombrado "tendrá la encomienda de acudir a los Tribunales de Justicia, en representación del Gobierno […] de Puerto Rico,

**a instar las acciones criminales que procedan <u>como resultado de las investigaciones que realice</u> sobre los asuntos que se le asignen conforme a las secs. 99h a 99z de este título"**. (Énfasis nuestro). Art. 3, Ley del PFEI, 3 LPRA sec. 99*j*. Consecuentemente, "si como resultado de la investigación es necesaria la presentación de denuncias o acusaciones, esta responsabilidad le corresponde exclusivamente al fiscal especial, no al Secretario de Justicia". <u>Pueblo v. Rodríguez Santana</u>, 146 DPR 860, 872 (1998). Véase, además, <u>Pueblo v. Colón Bonet</u>, *supra*, pág. 39.

### III

Como mencionáramos al comienzo de esta *Opinión*, la controversia ante nosotros se limita exclusivamente a rastrear los orígenes de la jurisdicción en la que los Fiscales Especiales se apoyaron para investigar y denunciar al imputado. Debe quedar meridianamente claro que no estamos evaluando los méritos o deméritos de los cargos imputados en esta etapa inicial del proceso criminal. Delimitada así nuestra tarea revisora, procedemos a acometerla. Veamos.

Es un hecho incontrovertido que el Secretario de Justicia realizó una investigación preliminar sobre el Expresidente de la Cámara de Representantes y otros individuos, y halló causa suficiente para intuir que éstos pudieron haber cometido conducta delictiva. A base de esa conclusión, cumplió con su deber estatutario de referir la alegada conducta ilegal del funcionario de alto nivel al

PFEI y recomendó la designación de un Fiscal Especial. A su vez, amparándose en el Artículo 5, inciso (3) del estatuto, el Secretario de Justicia también remitió para evaluación las actuaciones de individuos no enumerados en el Artículo 4, sobre su alegada participación en los delitos imputados al Expresidente en calidad de autores o coautores.

Una vez el Panel recibió el referido, tomó en consideración la gravedad de los presuntos delitos cometidos en contra de la integridad de la función pública y del erario, y, en el ejercicio pleno de su discreción, optó por asumir jurisdicción sobre el caso. Inmediatamente, nombró varios Fiscales Especiales y les encomendó expresamente **investigar a fondo** los hechos atribuidos al Expresidente y **"los alegados coautores"**, y, **"de así justificarlo la investigación"**, **"presentar ante los tribunales de justicia las correspondientes acciones penales que proced[ieran] en derecho"**.    (Énfasis nuestro).[22]    Amparados en dicha encomienda, éstos ejercitaron todos los poderes y facultades que ostentan tanto el Secretario de Justicia como los demás funcionarios enumerados en el estatuto, e investigaron y citaron para entrevista al imputado.  3 LPRA sec. 99*s*(3). Culminada la investigación sobre las alegadas actuaciones delictivas, los Fiscales Especiales tomaron la decisión de acudir al foro primario y allí presentaron una *Denuncia*

---

[22]  *Resolución* del PFEI, Apéndice, pág. 399. El expediente refleja que el Panel en todo momento ejercitó legítimamente sus facultades al consolidar, ampliar y supervisar la investigación realizada por los Fiscales Especiales. Íd., págs. 395-424.

alegando hechos que vinculaban al imputado con supuestas actuaciones ilegales relacionadas con el Expresidente.

A base de lo anterior, decretamos que la figura del Fiscal Especial posee jurisdicción exclusiva, circunscrita a la encomienda asignada por el PFEI, para encausar a individuos particulares que, de acuerdo con los hallazgos de sus investigaciones, aparentemente delinquieron en concierto y común acuerdo con un funcionario público, a la luz del lenguaje expreso de la Ley del PFEI[23] y de una interpretación razonable de la intención legislativa que motivó sus enmiendas. Consistentemente, en el caso de autos, los Fiscales Especiales ejercitaron legítimamente su autoridad al investigar y denunciar al imputado, a base de la facultad estatutaria concedida y la encomienda recibida.

Esta determinación es cónsona con el propósito perseguido por el legislador de crear un balance jurisdiccional ágil y eficiente en los procesamientos criminales efectuados bajo ese estatuto, sin inconvenientes procesales, duplicidad ni desintegración de esfuerzos que minimicen las probabilidades de éxito del Estado. Véanse Exposición de Motivos, Ley Núm. 3-2012, *supra*; 3 LPRA secs. 99*j*, 99*l*, 99*r*, 99*s*, 99*t*.

Por cuanto, no se sostiene argumentar que la jurisdicción de los Fiscales Especiales estaba sujeta a una ampliación de la encomienda del Panel, pues en este caso la

---

[23] Véase, por ejemplo, Art. 13, Ley del PFEI, 3 LPRA sec. 99*t*.

misma claramente incluyó investigar a fondo a "los alegados coautores" y presentar las acciones penales que en derecho procedieran.

Tampoco es correcto concluir que la autoridad del PFEI estaba condicionada a una determinación de conflicto de interés del Secretario de Justicia. Esa conclusión es errada ya que éste, al referir el caso al Panel, lo hizo al amparo del Artículo 5, inciso (3), de la Ley del PFEI, cuyo texto no requiere determinación alguna de conflicto de interés para investigar al imputado, como individuo no enumerado que posiblemente "participó, conspiró, indujo, aconsejó, provocó, instigó, o de algún otro modo fue autor o coautor en cualquiera de los delitos" relacionados al Expresidente. 3 LPRA sec. 99*l*.

Mucho menos procede sujetar el procesamiento del imputado al encausamiento simultáneo del Expresidente. Respecto a este último punto, basta señalar que ese requisito no está contemplado expresamente en ninguna de las disposiciones de la Ley del PFEI ni se puede inferir sensatamente de la intención legislativa que promovió las respectivas enmiendas. Más aún, cuando el legislador consignó que con éstas se pretendía "manten[er] la **distinción** entre la figura del autor o coautor, y la del funcionario público sujeto a la [Ley del PFEI], sin que se confundan los grados de preeminencia que cada uno tiene ante dicha Ley". (Énfasis suplido). Exposición de Motivos, Ley Núm. 3-2012, *supra*. Acoger este último argumento, al mismo

tiempo, intercalaría un requisito no contemplado por el estatuto que constituiría de nuestra parte, bajo este escenario, un acto imprudente de legislación judicial. Véanse Hernández Maldonado v. Taco Maker, 181 DPR 281, 297 (2011); Román v. Superintendente de la Policía, 93 DPR 685, 690 (1966).

No es nuestra función como Tribunal crear trabas jurisdiccionales que la Asamblea Legislativa, precisamente, eliminó en los procesamientos criminales atribuidos a funcionarios públicos y sus colaboradores. Adoptar esa conclusión, quebrantaría la política pública de promover que el PFEI funcione con autonomía y eficiencia al fiscalizar la conducta presuntamente desviada de funcionarios de alto nivel con gran poder en la administración pública y de aquellos individuos particulares que a éstos se acercaron con un aparente ánimo ilícito prevenido. Además, desmoralizaría la labor de miles de servidores públicos que diariamente descargan sus funciones con honestidad y excelencia, y sería un golpe adicional a la ya lacerada confianza del Pueblo en sus instituciones.

Del mismo modo, tampoco nos corresponde colocar una camisa de fuerza a la facultad de los Fiscales Especiales para investigar las potenciales acciones penales que le sean encomendadas. Ello, socavaría su autoridad exclusiva para decidir cuál debería ser el curso de sus investigaciones y -si producto de éstas aflorasen flagrantes violaciones a

ley— anularía su amplio margen discrecional para continuar la pesquisa en contra de todos los presuntos transgresores.

**IV**

Aclarada la existencia de la jurisdicción investigativa y acusatoria del PFEI, a través de los Fiscales Especiales, sobre la persona del imputado, se revoca la *Sentencia* del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará *Sentencia* de conformidad.


ROBERTO FELIBERTI CINTRÓN
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Ángel Muñoz Noya<br><br>Recurrido | AC-2018-58 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 31 de julio de 2020.

Por los fundamentos esbozados en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Sentencia del Tribunal de Apelaciones emitida el 15 de marzo de 2018 y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez disiente con Opinión escrita, a la cual se unen la Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez. La Jueza Presidenta Oronoz Rodríguez y la Juez Asociada señora Rodríguez Rodríguez disienten sin Opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico

    Peticionario

        v.

Ángel Muñoz Noya

    Recurrido

AC-2018-058    *Certiorari*

Opinión Disidente emitida por el Juez Asociado señor COLÓN PÉREZ a la cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ y la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ.

En San Juan, Puerto Rico a 31 de julio de 2020.

Disentimos del curso de acción seguido por una mayoría de este Tribunal en el presente caso, ello por entender que -- contrario a lo que erróneamente se concluye en la Opinión que hoy emite este Curia -- el Panel sobre el Fiscal Especial Independiente (en adelante, "PFEI"), al amparo de su ley orgánica, únicamente puede asumir jurisdicción sobre un **individuo particular** y por ende procesar criminalmente al mismo, solo bajo dos supuestos, a saber: (1) el procesamiento coetáneo de un funcionario público que el PFEI tenga jurisdicción para procesar, en relación al mismo núcleo de hechos, o (2) emitida una determinación de conflicto de interés por parte

del Secretario del Departamento de Justicia de Puerto Rico, según pautado en el Artículo 5 del precitado estatuto.

Ninguno de los supuestos antes mencionados está aquí presente, por lo que se comete una grave injusticia en contra del licenciado Ángel Muñoz Noya al ordenar el procesamiento criminal de éste, sin el PFEI tener base legal para ello. Veamos.

I.

Los hechos medulares que dan margen al presente litigio se recogen con particular precisión en la *Opinión* que hoy emite este Tribunal, razón por la cual hemos decidido adoptar los mismos por referencia. En síntesis, allá para diciembre de 2016, el entonces Secretario de Justicia, licenciado César R. Miranda, refirió al PFEI un *Informe*, donde determinaba que existía causa suficiente para creer que el expresidente de la Cámara de Representantes de Puerto Rico, el señor Jaime Perelló Borrás (en adelante, "señor Perelló Borrás"), pudo haber incurrido en conducta constitutiva de delito grave. En vista de sus hallazgos, y conforme a lo dispuesto en los Arts. 4 y 5(3) de la Ley del Panel sobre el Fiscal Especial Independiente, *infra*, solicitó que se nombrara un FEI para investigar las acciones del señor Perelló Borrás y otros individuos asociados a la supuesta conducta delictiva del exlíder cameral. **El licenciado Ángel Muñoz Noya (en adelante, "licenciado Muñoz Noya") no se encontraba entre los individuos referidos.**

Así las cosas, el 20 de enero de 2017 el PFEI emitió una *Resolución*, designando Fiscales Especiales para llevar a cabo una investigación en su fondo sobre el referido del entonces Secretario de Justicia y, de ser apropiado, instar las acciones penales correspondientes.[24] Culminada dicha investigación, los Fiscales Especiales presentaron una denuncia en contra del licenciado Muñoz Noya, por una supuesta violación al Art. 14.003 de la *Ley para la fiscalización del financiamiento de campañas políticas en Puerto Rico*, Ley Núm.222-2011, según enmendada, 16 LPRA sec. 633c.[25] Se adujo que éste donó diez mil ($10,000.00) dólares a una actividad de recaudación de fondos en beneficio del señor Perelló Borrás y, que, acto seguido, recibió un contrato con la Cámara de Representantes. Ahora bien, cabe mencionar que no se denunció al señor Perelló Borrás por los mismos hechos.

Tras varios incidentes procesales no necesarios aquí pormenorizar, el licenciado Muñoz Noya solicitó la desestimación de la denuncia en su contra, señalando que los Fiscales Especiales Independientes carecían de jurisdicción para presentar la misma. Éste adujo, entre otras cosas, que no se le nombró en el *Informe* del Secretario de Justicia ni en la

---

[24] Además, mediante la precitada *Resolución*, el PFEI consolidó dicho caso con el de la ex senadora María Teresa González López, el cual estaba siendo investigado por los fiscales Ramón Mendoza y Manuel Núñez. Al consolidar los casos de referencia, el PFEI nombró a dos fiscales adicionales, a saber, Emilio Arill y Leticia Pabón, para asistir con las investigaciones.

[25] Posteriormente, el artículo de referencia fue re-enumerado.

*Resolución* emitida por el PFEI, y tampoco se le denunció -- por un mismo núcleo de hechos -- junto a algún funcionario bajo la jurisdicción del PFEI. Igualmente, examinados los argumentos de ambas partes, el foro primario proveyó no ha lugar a la solicitud de desestimación presentada por éste y, en consecuencia, determinó causa en contra del licenciado Muñoz Noya por violación al Art.14.003 de la Ley Núm.222-2011, *supra*. El Tribunal de Apelaciones revocó dicho dictamen por entender que los Fiscales Especiales Independientes no tenía jurisdicción para denunciar al licenciado Muñoz Noya, ya que éste no fue denunciado junto a alguna persona enumerada por la ley que reglamenta al Fiscal Especial Independiente ni tampoco se alegó que el Departamento de Justicia hubiese concluido que -- de llevar a cabo la correspondiente investigación -- resultaría en algún conflicto de interés.

A juicio nuestro, y tal como correctamente resolvió el foro apelativo intermedio, le asiste la razón al licenciado Muñoz Noya. Nos explicamos.

II.

Como es sabido, la Constitución del Estado Libre Asociado de Puerto Rico dispone que el poder ejecutivo será ejercido por el gobernador, funcionario que -- a su vez -- tiene la función de hacer cumplir las leyes. Art. IV, Secs. 1 y 4, Const. ELA, LPRA, Tomo 1. En el desempeño de dicho deber, el gobernador es asistido por varios secretarios de

gobierno, incluyendo, en lo pertinente, el Secretario de Justicia. Const. ELA, *supra*, Secs. 5 y 6. De esta manera, "[p]or regla general, la facultad y responsabilidad de investigar, acusar y procesar una alegada conducta constitutiva de delito público recae en la persona del Secretario de Justicia y de los fiscales adscritos al Departamento de Justicia". *Pueblo v. García Vega*, 186 DPR 592, 603 (2012). *Véase también* Ley Orgánica del Departamento de Justicia, Ley Núm. 205-2004, 3 LPRA secs. 292-292a(1); *Pueblo v. Colón Bonet*, 200 DPR 27, 35 (2018); *Pueblo v. Torres Santiago*, 175 DPR 116, 125 (2008).

No obstante, a modo de excepción, la Asamblea Legislativa -- por medio de la Ley Núm. 2 del 23 de febrero de 1988, según enmendada, 3 LPRA sec.99h *et seq*., conocida como la Ley del Panel sobre el Fiscal Especial Independiente (en adelante, "Ley del PFEI") -- instauró la Oficina del Panel sobre el Fiscal Especial Independiente, un mecanismo de naturaleza extraordinaria para el procesamiento criminal de altos funcionarios del gobierno. Exposición de Motivos de la Ley del Panel sobre el Fiscal Especial Independiente, Ley Núm. 2 de 23 de febrero de 1988 (1988 Leyes de Puerto Rico 5-6).

**Con la creación de la figura del FEI y el correspondiente Panel supervisor, el legislador buscó "prevenir, erradicar y penalizar cualquier comportamiento delictuoso o indebido por cualquier funcionario gubernamental" y, de la misma forma, "garantiza[r] la**

**absoluta objetividad de investigaciones contra altos funcionarios del Gobierno"**. (Énfasis suplido) Exposición de Motivos de la Ley del PFEI, *supra*, pág. 6; *Pueblo v. García Vega*, *supra*; *In re Invest. Ex. Alcalde vega Alta*, 158 DPR 666, 671-672 (2003). De esa manera, se toman precauciones "ante la posibilidad de que se utilice el procedimiento ordinario para perseguir adversarios políticos, suprimir a los disidentes u oprimir a las minorías" o, de igual forma, "encubrir actuaciones delictivas o indebidas de los miembros de la administración en el poder". *Pueblo v. Rexach Benítez*, 130 DPR 273, 295 (1992).

Según el procedimiento instituido por la Ley del PFEI, el Secretario del Departamento de Justicia deberá notificarle al PFEI las instancias donde reciba información, bajo juramento, solicitando una investigación preliminar en cuanto a alguno de los funcionarios públicos enumerados en el Art. 4 de la Ley del PFEI, tales como el gobernador o jefes de agencia. Ley del PFEI, 3 LPRA sec.99*k*(1). De esta forma, el Secretario de dicha dependencia gubernamental determinará si existe causa suficiente para creer que hubo la comisión de determinados delitos, como lo son los delitos graves y menos graves que afectan los derechos civiles, la función pública o el erario. Art. 4, Ley del PFEI, 3 LPRA sec.99*k*(2). Cabe mencionar que dicho mecanismo, en ciertas ocasiones, permite la investigación y procesamiento de individuos particulares no enumerados, considerados ser autores o coautores. Art.5, Ley del PFEI, 3 LPRA sec.99*l*.

Luego de completada dicha investigación, el Secretario de Justicia redactará un informe sobre sus hallazgos y rendirá el mismo ante el PFEI. Art.4., Ley del PFEI, 3 LPRA sec.99*k*(2). En éste, deberá incluir una recomendación en cuanto a la procedencia de la designación de un FEI. *Íd.* Sin embargo, en el ejercicio de su amplia independencia, "[a]un cuando la recomendación del Secretario fuere la de que no se designe un Fiscal Especial, éste vendrá obligado a referir su informe y el expediente completo al Panel, el cual podrá, a su discreción, nombrar un Fiscal Especial y ordenar la investigación del caso". *Íd.*

**Por último, procede resaltar que, al nombrar un FEI, el PFEI "delimitará la encomienda y jurisdicción de éste".** (Énfasis suplido) Art. 11, Ley del PFEI, 3 LPRA sec. 99*r* (2). Una vez éstas son demarcadas, en cuanto a esos asuntos, el FEI tendrá todos los poderes y facultades que tiene el Departamento de Justicia, el Director del Negociado de Investigaciones Especiales, y "cualquier otro funcionario al cual las secs. 99h a 99z de este título le confiera autoridad para investigar y procesar violaciones a la ley penal". Art. 12, Ley del PFEI, 3 LPRA sec.99*s* (3). De este modo, todo FEI tendrá "jurisdicción exclusiva para investigar y procesar aquellas acciones penales contenidas dentro de la encomienda" que le es asignada. Art. 13, ley del PFEI, 3 LPRA sec. 99*t*.

III.

De otra parte, y por considerarlo en extremo pertinente para la correcta disposición de la controversia ante nos,

conviene estudiar, de forma detallada, la extensión de la autoridad del PFEI en cuanto al procesamiento criminal de individuos particulares, más allá de aquellos funcionarios públicos sobre los cuales la Ley del PFEI ya concede autoridad para poder procesar criminalmente.

Sobre el particular, conviene señalar aquí que, allá para el 2012, por medio de la Ley Núm. 3-2012, la Asamblea Legislativa enmendó el alcance del Art. 5 de la Ley del PFEI, añadiendo un tercer inciso al referido artículo. A través de éste, se amplió la jurisdicción del PFEI en cuanto a la investigación y procesamiento criminal de personas particulares, más allá de instancias donde existía una determinación de conflicto de interés por parte del Departamento de Justicia, conforme a lo pautado en el primer inciso del Art.5. Ley del PFEI, 3 LPRA 99*l*(1).

Según surge de la Exposición de Motivos de la Ley Núm. 3-2012, la Asamblea Legislativa instó el referido cambio debido a que:

> la jurisdicción de la OPFEI está limitada por la categoría de los funcionarios y por la gravedad de los delitos. Por ello, la ***Ley no le concede jurisdicción sobre*** los funcionarios, **ex funcionarios, empleados o ex empleados, o *individuos que hayan participado, conspirado, provocado, o de algún otro modo sean autores o coautores en la conducta delictiva imputada a los funcionarios bajo la jurisdicción de la Ley Núm. 2*, citada**. (Énfasis suplido) Exposición de Motivos, Ley Núm.3-2012 (2012 (Parte 1) Leyes de Puerto Rico 82).

A causa de lo anterior, emergían "***inconvenientes al momento de procesar a un funcionario de alto nivel***, cuando

de la prueba obtenida en la investigación surg[ía] que ha[bía] un autor o coautor del delito sobre el cual el Fiscal Especial Independiente no t[enía] jurisdicción", suscitando así la intervención simultánea de un FEI y el Departamento de Justicia. (Énfasis suplido) *Íd.* La participación de ambos entes ocasionaba, por ejemplo, "situaciones poco comprensibles para los jurados" y diferencias en cuanto a las estrategias de litigación. *Íd.*

Es, pues, como resultado de las referidas trabas procesales, que la Asamblea Legislativa enmendó la Ley del PFEI:

> a los fines de disponer que el Secretario de Justicia podrá recibir información y llevar a cabo una ***investigación preliminar sobre servidores públicos*, ex servidores públicos o individuos que *puedan ser autores o coautores en la conducta delictiva imputada a los funcionarios bajo la jurisdicción de la Ley Núm.2*, citada, y rendir un informe sobre el particular a la OPFEI. (Énfasis suplido) *Íd.*

Hechas las enmiendas de rigor, el nuevo tercer inciso permite que el Secretario de Justicia lleve a cabo una investigación preliminar en cuanto a individuos particulares no enumerados y, asimismo, concede al PFEI la facultad de incluir la investigación y procesamiento de éstos en la encomienda asignada a un FEI. Exposición de Motivos, Ley Núm.3-2012, *supra*, pág. 83. En otras palabras, la Asamblea Legislativa adaptó el referido mecanismo para facilitar el procesamiento de los funcionarios públicos por los cuales se desarrolló la Ley del PFEI.

A estos efectos, el texto resultante, en lo pertinente, lee:

(1) Cuando el Secretario de Justicia recibiere información bajo juramento que a su juicio constituyera causa suficiente para investigar si cualesquiera de los funcionarios, ex funcionarios, empleados, ex empleados, autores, coautores o individuos no enumerados en la sec. 99k de este título ha cometido cualesquiera de los delitos a que se hace referencia en la sec. 99k de este título efectuará una investigación preliminar y solicitará el nombramiento de un Fiscal Especial cuando determine que, de ser la investigación realizada por el Secretario de Justicia, podría resultar en algún conflicto de interés.

(2) ………

(3) *Cuando el Secretario de Justicia recibiere información bajo juramento* que a su juicio *constituyera causa suficiente para investigar* si algún funcionario, **ex funcionario, empleado, ex empleado** o *individuo no enumerado en la sec. 99k de este título participó, conspiró, indujo, aconsejó, provocó, instigó, o de algún otro modo fue autor o coautor en cualquiera de los delitos a que se hace referencia en la sec. 99k* de este título, *efectuará una investigación preliminar y rendirá un informe* conforme los criterios establecidos en la sec. 99k de este título, *sobre si procede o no la designación de un Fiscal Especial Independiente. Una vez remitido el Informe, el Panel tendrá la facultad de determinar si investiga y procesa al autor o los coautores, como parte de la encomienda que haga al Fiscal Especial Independiente* de conformidad con el inciso (2) de la sec. 99r de este título. Si el Panel determinare que no procede el nombramiento de un Fiscal Especial dicha determinación será final y firme y no podrá presentarse querella nuevamente por los mismos hechos. (Énfasis suplido) Ley del PFEI, 3 LPRA 99*l* (3).

Es decir, a la luz de este nuevo inciso que se incluyó en la ley orgánica del PFEI, se puede inferir que, para que dicha entidad gubernamental pueda procesar criminalmente a

un individuo particular, debe existir un nivel de intervención por parte de éste último en determinado esquema delictivo realizado por un funcionario público enumerado, sobre el cual la ley concede jurisdicción al PFEI. Tal no es el caso de autos.

IV.

En esa dirección, y cónsono con lo anterior, somos del criterio que los Fiscales Especiales asignados a la causa de epígrafe carecían de jurisdicción para denunciar y procesar criminalmente al licenciado Muñoz Noya, ya que, tal como aludimos al principio de este escrito, no están presentes aquí las condiciones necesarias -- a saber, la denuncia coetánea de un funcionario público enumerado a base del mismo núcleo de hechos o la existencia de una determinación de conflicto de interés por parte del Departamento de Justicia -- para proceder de dicha forma.

Y es que -- contrario a lo que se intima en la Opinión mayoritaria que hoy emite este Tribunal -- lo expuesto en la Exposición de Motivos de la Ley Núm. 3-2012 confirma esta noción, y también demuestra que la enmienda al Art. 5 fue formulada como consecuencia de la obstaculización en el *procesamiento de funcionarios públicos de alto nivel*, en instancias donde hay individuos no enumerados *involucrados en la conducta imputada a éste*. Consecuentemente, es en base de su participación en la conducta imputada al funcionario público -- por la cual se le investiga y procesa -- que se otorga esta extensión en jurisdicción. Así, precisamente, se

evitan los inconvenientes evaluados por la Asamblea Legislativa durante la aprobación de la Ley Núm. 3-2012.

Es menester recordar, entonces, que -- en el presente caso -- si bien el PFEI, a través de sus fiscales, pudo elegir denunciar al funcionario público asociado al esquema de epígrafe, decidió no hacerlo. De esta forma, al determinar no proceder contra el funcionario público investigado, carecían de autoridad para presentar una denuncia en contra del licenciado Muñoz Noya. En cambio, de haber procedido contra el señor Perelló Borrás por los mismos hechos, según permitido por la Ley del PFEI y sus postulados, no hubiese impedimento para procesar o presentar una denuncia en contra del recurrido, quedando privado de jurisdicción el Departamento de Justicia. Siendo ello así, no estamos ante una de las instancias en que el PFEI podía ejercer su jurisdicción.

Dicho esto, también consideramos que la interpretación adoptada en la Opinión Mayoritaria que hoy se emite no encuentra respaldo en los Artículos 12 y 13 de la Ley del PFEI, *supra*. Ello, ya que dichos artículos precisan las facultades y exclusividad de jurisdicción de un FEI debidamente asignado, cuando la misma ya es existente. Es decir, los precitados artículos no definen la existencia de la jurisdicción, sino que enmarcan la misma. Lo anterior no está en controversia aquí.

Enfatizamos que, tal y como hemos resuelto en ocasiones anteriores, los Fiscales Especiales Independientes no tienen

"la facultad para determinar el alcance de su propia jurisdicción". *Pueblo v. Pérez Casillas*, 126 DPR 702, 712 (1990). Tiene que ser así, pues lo contrario haría inoperante el principio general conforme al cual "la jurisdicción para investigar y procesar los delitos que se cometen en Puerto Rico corresponde al Departamento de Justicia". *Íd.*; véase Opinión mayoritaria, pág. 11 (citando a *Pueblo v. Colón Bonet*, 200 DPR 27, 35-36 (2019)).[26]

Lo anterior exigía que interpretáramos restrictivamente la excepción a ese principio general, máxime cuando -- una vez el FEI decide no procesar criminalmente al funcionario o ex funcionario público que motivó el referido -- desaparecen las preocupaciones que llevaron al legislador a enmendar la Ley del PFEI en el 2012. El legislador permitió que un FEI pudiera acusar a los colaboradores de un funcionario público referido para evitar que se fragmentara el procedimiento penal contra el funcionario y sus colaboradores a pesar de que la actividad presuntamente delictiva surgió de un mismo núcleo de hechos. Sin embargo, es evidente que no existe el riesgo de fragmentar ese proceso cuando el PFEI opta por no procesar al funcionario referido. En ese escenario, estamos frente a **un solo proceso penal contra un ciudadano privado,**

---

[26] El Art. 11(3) de la Ley del PFEI permite al PFEI ampliar por iniciativa propia "la encomienda y jurisdicción" de un FEI. 3 LPRA sec. 99*r* (3). Sin embargo, ese lenguaje tiene que leerse en conjunto con el Art. 5 de la misma Ley, el cual, según intimado, enumera taxativamente las instancias en las que se permite a ese organismo asumir jurisdicción sobre un asunto. Al permitir que el PFEI amplíe la jurisdicción de un FEI, la Ley presupone -- naturalmente -- que: (1) el PFEI asumió jurisdicción en conformidad con el Art. 11 y (2) la ampliación no abarca asuntos que contravengan al Art. 11.

quien -- por no ser uno de los individuos enumerados en el Art. 4 de la Ley del PFEI --, si se contase con prueba para ello, debió haber sido procesado por el Departamento de Justicia. Lo anterior, en atención a que en ese supuesto no aplica excepción alguna a la norma general que rige en nuestro ordenamiento.

V.

En fin -- y a modo de epílogo -- tal cual surge de los estatutos pertinentes y la jurisprudencia interpretativa emitida por esta Curia, la autoridad provista por la Ley del PFEI, *supra*, para el procesamiento de funcionarios públicos de alto nivel es "una facultad especial y excepcional". Exposición de Motivos, Ley Núm.3-2012, *supra*, pág. 81. Véase *Pueblo v. Torres Santiago*, *supra*. Por tanto, debemos abarcar la interpretación del referido estatuto y su concesión de jurisdicción de acuerdo con su naturaleza, a saber, como excepción al esquema constitucional prevaleciente.

No obstante, la interpretación que adopta la Opinión que la mayoría de los miembros de este Tribunal avala con su voto -- a saber, que los Fiscales Especiales Independientes cuentan con autoridad para presentar cargos criminales contra individuos particulares que, acorde con los hallazgos de una investigación debidamente encomendada por el PFEI, presuntamente participaron como autores o coautores en la alegada conducta delictiva que involucraba a un funcionario público, inicialmente investigado bajo la jurisdicción del PFEI -- tiene el efecto de extender la jurisdicción del PFEI

sobre los individuos particulares no enumerados, más allá de las instancias consideradas en la Ley del PFEI. Lo anterior, a todas luces, no es cónsono con la intención legislativa enunciada en la Exposición de Motivos de la Ley Núm.3-2012 y la intención inicial al aprobarse la Ley del PFEI.

VI.

Es, pues, por todo lo anterior que enérgicamente disentimos.


Ángel Colón Pérez
Juez Asociado